**BOOKER CUSTOM PACKING COMPANY, INC., et al.**

v.

**Marvin L. McLAIN, Administrator, Packers and Stockyards Administration, and Earl Butz, Secretary, United States Department of Agriculture.**

**No. CA 3–75–0966–C.**

United States District Court, N. D. Texas, Dallas Division.

Feb. 23, 1977.

Ben L. Krage, Kasmir, Willingham & Krage, Dallas, Tex., for plaintiffs.

Michael P. Carnes, U. S. Atty., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., Richard W. Davis, Jr., and John E. Ford, U. S. Dept. of Agriculture, Washington, D. C., for respondent.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiff Booker Custom Packing Company, Inc., is a Texas corporation which is jointly owned by plaintiffs H. C. Hitch, Paul H. Hitch, Clark Willingham and J. R. Ham, all of whom are also owners and/or operators of cattle custom feedlots and dealers. Plaintiffs are presently leasing a packing plant in Booker, Texas, for the purpose of conducting a beef packing business. The lease expires on August 15, 1977, at which time plaintiffs have an option to purchase the plant.

Before leasing the facility, plaintiff H. C. Hitch wrote a letter to defendant Marvin L. McLain, Administrator of the Packers and Stockyards Administration, inquiring as to any adverse position the agency would take should plaintiffs lease or purchase the packing plant. Without waiting for a response, plaintiffs entered into an agreement to lease the plant with an option to purchase at a later date. Three days thereafter, defendant McLain informed Hitch by letter that plaintiffs' operation of a packing plant would be in violation of the provisions of the Packers and Stockyards Act and the regulations promulgated thereunder, because plaintiffs also owned or operated interests in custom feedlots and dealers. Plaintiffs then commenced this action for declaratory relief against defendant McLain and the Secretary of Agriculture, challenging the regulations relied upon by McLain in his letter.[1]

The defendants filed a motion to dismiss the complaint on the grounds that this

---

1. Specifically, the Administrator stated:

Regulation 201.68 (9 CFR 201.68) prohibits packers from owning or financing dealers or market agencies and prohibits dealers and market agencies from owning or financing packers. Similarly, regulation 201.70a (9 CFR 201.70a) prohibits packers from owning or financing custom feedlots and prohibits custom feedlots from owning or financing packers.

Letter from defendant Marvin L. Mclain to plaintiff H. C. Hitch, Jr., May 20, 1975.

Court was without subject matter jurisdiction and that plaintiffs had failed to state a claim upon which relief could be granted. The Court overruled the motion on July 30, 1976, on the belief that the case fell within the U.S. Supreme Court's "ripeness" guidelines as set out in *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), and was, therefore, properly before this Court. Defendants filed a motion to reconsider, which was denied on August 12, 1976.

The Court now has before it plaintiffs' motion for summary judgment, in which plaintiffs seek a declaration that their present operation and proposed dual ownership of livestock custom feedlots and packers is not a per se violation of the Packers and Stockyards Act, 7 U.S.C. § 192 (1964). After studying the pending motion, and upon hearing further oral arguments of counsel for both sides, the Court has reviewed the entire file of this case, and is of the opinion that its earlier order overruling defendants' motion to dismiss was mistaken and must be corrected. Fed.R.Civ.P. 60(b)(1).

In determining whether plaintiffs' challenge to the regulations in question is ripe for review by this Court, *Abbott* requires a twofold inquiry:

first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied at that stage.

*Toilet Goods Ass'n v. Gardner,* 387 U.S. 158, 162, 87 S.Ct. 1520, 1523, 18 L.Ed.2d 697 (1967).

### Appropriateness of Judicial Resolution

The issues tendered to the Court in the case at bar would be appropriate for judicial resolution if 1) the issue tendered is a purely legal one and 2) the challenged regulations constitute "final agency action" within the meaning of § 10 of the Administrative Procedure Act, 5 U.S.C. § 704, as construed in judicial decisions. *Abbott, supra,* 387 U.S. at 149, 87 S.Ct. 1507.

The Court is inclined to agree with plaintiffs that the issue before it is a purely legal one. Defendant McLain's letter clearly expresses the view of his agency that dual ownership relations between packers and custom feedlots, and between packers and dealers, are per se violations of the Packers and Stockyards Act, specifically 7 U.S.C. § 192. And the regulations in question reflect that view. Plaintiffs contend that such an interpretation is beyond the scope of 7 U.S.C. § 192, and thus the legal issue.

The Court is less inclined, however, to agree with plaintiffs that the challenged regulations constitute "final agency action" as defined by the Administrative Procedure Act. The regulations are not substantive rules of law, but merely advisory opinions of the Administrator, representing his interpretation of the Packers and Stockyards Act. Plaintiffs' assertion that the regulations have substantive effect is contrary to the Department of Agriculture's "long-established policy of treating them as advisory only" when reviewing the Administrator's enforcement of the Act. *Central Coast Meats v. U. S. Dep't of Agriculture,* 541 F.2d 1325 (9th Cir. 1976).

Admittedly, some Packers and Stockyards Administration regulations which are "advisory" may have substantive effect due to a lengthy period of existence and acceptance or a long history of consistent enforcement. But such is not the case here. One of the challenged regulations, 9 CFR 201.-70a, is presently being reviewed by the Secretary of Agriculture in an administrative proceeding, and hence has not become a final agency action. *Walti-Schilling & Co., et al.,* Packers and and Stockyards Docket No. 5057 (Jan. 19, 1976). For this Court to review the regulation before the Secretary has an opportunity to do so in a pending action would constitute an awesome assumption of administrative prerogative and expertise, one which the Court is not prepared to undertake.

As for Regulation 201.68, 9 CFR 201.68, the Ninth Circuit has already held that it is not a per se violation of Section 202(a) of

the Act, under which the regulation was promulgated, for a packer to act as a dealer; in fact, such conduct is to be allowed in certain circumstances. *Central Coast Meats v. U. S. Dep't of Agriculture, supra* at 1327. The decision severely weakens the viability of the regulation and its alleged substantive effect.

### Hardship Absent Judicial Review

At any rate, even were plaintiffs able to show that the issues tendered are appropriate for judicial resolution, they have failed to demonstrate sufficient hardship required to bring them within the second *Abbott* guideline.

To begin with, neither of the challenged regulations requires "an immediate and significant change in the plaintiffs' conduct of their affairs with serious penalties attached to noncompliance."[2] *Abbott, supra,* 387 U.S. at 153, 87 S.Ct. 1507. The only dilemma faced by plaintiffs is a future one: whether on or before August 15, 1977, plaintiffs should exercise their purchase option for the packing plant and thereby run the risk of a forced divestiture proceeding by the Administrator. Ripeness does not attach to so speculative a controversy.

The harm that plaintiffs allegedly might suffer is made more speculative by the fact that no final agency action has been taken with respect to at least one of the challenged regulations. There is no indication that the Administrator will begin any further enforcement of the Act via Regulation 201.70a until the pending review by the Secretary of Agriculture has been completed.

### Conclusion

For the foregoing reasons, the Court is of the opinion that judicial review of the regulations challenged here is inappropriate at this stage because, applying the standards

2. Any harm plaintiffs might be suffering from their present leasing of the packing plant must not be given much weight, in view of the fact that plaintiffs entered into the lease agreement without waiting for a response from the Administrator, after having initiated an inquiry. Furthermore, there is no evidence that the

set forth in *Abbott,* the controversy is not presently ripe for adjudication. Therefore, the Court's order of July 30, 1976, must be set aside and judgment rendered denying plaintiffs' motion for summary judgment and dismissing this cause for lack of subject matter jurisdiction.

Defendants' attorneys are requested to prepare and submit appropriate order.

present lease will be attacked by the Administrator as violative of the Packers and Stockyards Act, given the tentative nature of the challenged regulations, and the fact that the lease has already been in effect for more than eighteen months.